1 | Thomas C. Hurrell, State Bar No. 119876
E-Mail: thurrell@hurrellcantrall.com
2 | Warren M. Williams, State Bar No. 228742
E-Mail: wwilliams@hurrellcantrall.com
3 | Roderick E. Sasis, State Bar No. 249539
E-Mail: rsasis@hurrellcantrall.com
4 | HURRELL CANTRALL LLP
700 South Flower Street, Suite 900
5 | Los Angeles, California 90017-4121
Telephone: (213) 426-2000
6 | Facsimile: (213) 426-2020

7 | Attorneys for Defendants COUNTY OF LOS ANGELES, SHERIFF JIM
McDONNELL, JAMES JOBLING, MICHAEL BITOLAS, ANTHONY
8 | JOHNSON, GRANT OBERLE, ERIC SAAVEDRA, SERGIO SANTOYO
and ROBERT SOLORIO

9

10

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

*(left margin, vertical)* HURRELL CANTRALL LLP
700 SOUTH FLOWER STREET, SUITE 900
LOS ANGELES, CALIFORNIA 90017-4121
TELEPHONE (213) 426-2000

| | |
|---|---|
| SUSAN BERRY, individually and as successor-in-interest to decedent John Berry, CHRIS BERRY, an individual, and MELISSA BERRY, an individual, | STATE CASE NO.: BC597932 [Exempt per *Gov. Code* § 6103] |
| Plaintiffs, | FEDERAL CASE NO: 15-9715 |
| v. | [STATE: Assigned to Judge Daniel S. Murphy, Department "97" Case Filed: 10/14/15] |
| COUNTY OF LOS ANGELES; LOS ANGELES COUNTY SHERIFF'S DEPARTMENT; SHERIFF JIM McDONNELL; JAMES JOBLING; MICHAEL BITOLAS; ANTHONY JOHNSON; GRANT OBERLE, ERIC SAAVEDRA; SERGIO SANTOYO; ROBERT SOLORIO; and DOES 1 through 50, inclusive, | **NOTICE OF REMOVAL AND REMOVAL OF ACTION UNDER 28 U.S.C. §1441(A) AND (C) (FEDERAL QUESTION) AND 28 U.S.C. § 1443(C) (CIVIL RIGHTS CASES) ON BEHALF OF DEFENDANTS COUNTY OF LOS ANGELES, SHERIFF JIM McDONNELL, JAMES JOBLING, MICHAEL BITOLAS, ANTHONY JOHNSON, GRANT OBERLE, ERIC SAAVEDRA, SERGIO SANTOYO, AND ROBERT SOLORIO; DECLARATION OF WARREN M. WILLIAMS, ESQ.** |
| Defendants. | [Filed Concurrently With Notice of Interested Parties] |

Line numbers: 13–28

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that defendants COUNTY OF LOS ANGELES, SHERIFF JIM MCDONNELL, JAMES JOBLING, MICHAEL BITOLAS, ANTHONY JOHNSON, GRANT OBERLE, ERIC SAAVEDRA, SERGIO SANTOYO, and ROBERT SOLORIO hereby remove to federal court the state court action described below.

1.      On October 14, 2015, an action was commenced in the Los Angeles Superior Court, entitled *Susan Berry, et al. v. County of Los Angeles, et al.,* Case No. BC597932. A copy of the Complaint, as well as orders, served on defendants COUNTY OF LOS ANGELES, SHERIFF JIM MCDONNELL, JAMES JOBLING, MICHAEL BITOLAS, ANTHONY JOHNSON, GRANT OBERLE, ERIC SAAVEDRA, SERGIO SANTOYO, and ROBERT SOLORIO in the state action is collectively attached hereto as Exhibit "J" to Declaration of Warren M. Williams, ¶ 14.

2.      The Complaint and Summonses in this case were served on defendants COUNTY OF LOS ANGELES, SHERIFF JIM MCDONNELL, JAMES JOBLING, MICHAEL BITOLAS, ANTHONY JOHNSON, GRANT OBERLE, ERIC SAAVEDRA, SERGIO SANTOYO, and ROBERT SOLORIO on or about November 17, 2015. *See* Decl. of Warren M. Williams, ¶¶ 3-11.

3.      Counsel for the defendants is informed and believes that no other defendants have been served. *See* Decl. of Warren M. Williams, ¶ 12. Accordingly, joinder of this notice by the other defendants is unnecessary. *See Salveson v. Western States Bankcard Ass'n,* 731 F.2d 1423, 1429 (9th Cir. 1984), superseded by statute on other grounds; *Community Bldg. Co. v. Maryland Casualty Co.,* 8 F.2d 678, 678-679 (9th Cir. 1925).

4.      This action meets the original jurisdiction requirements of 28 USC § 1441(a) and is removable by defendants pursuant to 28 U.S.C. § 1446(a). A case is removable from state to federal court if the action could have been originally

HURRELL CANTRALL LLP
700 SOUTH FLOWER STREET, SUITE 900
LOS ANGELES, CALIFORNIA 90017-4121
TELEPHONE (213) 426-2000

HURRELL CANTRALL LLP
700 SOUTH FLOWER STREET, SUITE 900
LOS ANGELES, CALIFORNIA 90017-4121
TELEPHONE (213) 426-2000

1   commended in federal court.  28 U.S.C.  § 1441(a).  The propriety of removal is

2   determined at the time the petition for removal is filed by reference to the plaintiff's

3   complaint filed in the state court.  *Sparta Surgical Corp. v. NASD*, 159 F.3d 1209,

4   1213 (9th Cir. 1998).  Plaintiffs allege four causes of action arising under 42 U.S.C.

5   § 1983 wherein plaintiffs contend that their constitutional rights were violated.  *See*

6   Exh. "J," Complaint; Decl. of Warren M. Williams, ¶ 14.  Federal district courts

7   have original jurisdiction over actions brought under 42 U.S.C. § 1983.  *See* 28

8   U.S.C. §§ 1331, 1343(a)(3), 1441(a), and 1443(2).

9        5.    Plaintiffs also asserts state law claims of assault and battery-wrongful

10  death, negligence-wrongful death, violation of Cal. Civ. Code § 52.1 and negligent

11  infliction of emotional distress.  All of plaintiffs' claims derive from the same

12  operative fact—the shooting and death of decedent.  When an action originally filed

13  in state court is removed to federal court, the federal tribunal has jurisdiction to

14  determine not only the federal claims, but all pendent state claims which derive

15  "from a common nucleus of operative fact".  *United Mine Workers v. Gibbs*, 383 US

16  715, 725 (1966); *see also* 28 U.S.C. §§ 1367(a) and 1441(c).

17       6.    The Notice of Removal is filed with this Court within 30 days after

18  defendants COUNTY OF LOS ANGELES, SHERIFF JIM MCDONNELL, JAMES

19  JOBLING, MICHAEL BITOLAS, ANTHONY JOHNSON, GRANT OBERLE,

20  ERIC SAAVEDRA, SERGIO SANTOYO, and  ROBERT SOLORIO were served

21  with the Complaint on November 17, 2015. *See* Decl. of Warren M. Williams, ¶ 15.

22  / / /

23  / / /

24  / / /

25  / / /

26  / / /

27  / / /

28  / / /

1    7.    The Notice of Removal is being filed in this Court and in the Superior

2 Court of the State of California, County of Los Angeles. *See* Decl. of Warren M.

3 Williams, ¶ 16.

4

5 DATED: December 16, 2015    HURRELL CANTRALL LLP

6

7

8    By: _____

9    THOMAS C. HURRELL
    WARREN M. WILLIAMS
10    Attorneys for Defendant COUNTY OF
    LOS ANGELES
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

HURRELL CANTRALL LLP
700 SOUTH FLOWER STREET, SUITE 900
LOS ANGELES, CALIFORNIA 90017-4121
TELEPHONE (213) 426-2000

## DECLARATION OF WARREN M. WILLIAMS, ESQ.

I, Warren M. Williams, declare:

1.     I am an attorney duly licensed to practice before this Court and am an associate with Hurrell Cantrall LLP, attorneys of record for defendant COUNTY OF LOS ANGELES herein.    The facts set forth herein are of my own personal knowledge and if sworn I could and would testify competently thereto.

2.     I make this declaration in support of defendants COUNTY OF LOS ANGELES, SHERIFF JIM MCDONNELL, JAMES JOBLING, MICHAEL BITOLAS, ANTHONY JOHNSON, GRANT OBERLE, ERIC SAAVEDRA, SERGIO SANTOYO, and  ROBERT SOLORIO's Notice of Removal.

3.     Based on the Summons, defendant COUNTY OF LOS ANGELES was served with the Summons and Complaint on November 17, 2015.  Attached hereto as Exhibit "A" is a true and correct courtesy copy of the Summons served on defendant COUNTY OF LOS ANGELES.

4.     Based on the Summons, defendant SHERIFF JIM MCDONNELL was served with the Summons and Complaint on November 17, 2015.  Attached hereto as Exhibit "B" is a true and correct courtesy copy of the Summons served on defendant SHERIFF JIM MCDONNELL.

5.     Based on the Summons, defendant JAMES JOBLING was served with the Summons and Complaint on November 17, 2015.  Attached hereto as Exhibit "C" is a true and correct courtesy copy of the Summons served on defendant JAMES JOBLING.

6.     Based on the Summons, defendant MICHAEL BITOLAS was served with the Summons and Complaint on November 17, 2015.  Attached hereto as Exhibit "D" is a true and correct courtesy copy of the Summons served on defendant MICHAEL BITOLAS.

7.     Based on the Summons, defendant ANTHONY JOHNSON was served with the Summons and Complaint on November 17, 2015.  Attached hereto as

HURRELL CANTRALL LLP
700 SOUTH FLOWER STREET, SUITE 900
LOS ANGELES, CALIFORNIA 90017-4121
TELEPHONE (213) 426-2000

1  Exhibit "E" is a true and correct courtesy copy of the Summons served on defendant
2  ANTHONY JOHNSON.

3       8.    Based on the Summons, defendant GRANT OBERLE was served with
4  the Summons and Complaint on November 17, 2015.  Attached hereto as Exhibit
5  "F" is a true and correct courtesy copy of the Summons served on defendant
6  GRANT OBERLE.

7       9.    Based on the Summons, defendant ERIC SAAVEDRA was served with
8  the Summons and Complaint on November 17, 2015.  Attached hereto as Exhibit
9  "G" is a true and correct courtesy copy of the Summons served on defendant ERIC
10 SAAVEDRA.

11      10.   Based on the Summons, defendant SERGIO SANTOYO was served
12 with the Summons and Complaint on November 17, 2015.  Attached hereto as
13 Exhibit "H" is a true and correct courtesy copy of the Summons served on defendant
14 SERGIO SANTOYO.

15      11.   Based on the Summons, defendant ROBERT SOLORIO was served
16 with the Summons and Complaint on November 17, 2015.  Attached hereto as
17 Exhibit "I" is a true and correct courtesy copy of the Summons served on defendant
18 ROBERT SOLORIO.

19      12.   According to the allegations in the Complaint, the remaining defendant
20 consists of the Los Angeles County Sheriff's Department ("LASD").  Based on my
21 experience having represented COLA and specifically LASD in the last three years,
22 it is my understanding that when LASD is served with a Summons and Complaint
23 for a lawsuit, the Summons and Complaint are forwarded to LASD's Civil
24 Litigation Unit.  Based on my office's December 15, 2015 discussions with LASD's
25 Civil Litigation Unit, it is my understanding that the only defendants that have been
26 served in this lawsuit are the COUNTY OF LOS ANGELES, SHERIFF JIM
27 MCDONNELL,    JAMES    JOBLING,    MICHAEL    BITOLAS,    ANTHONY
28

HURRELL CANTRALL LLP
700 SOUTH FLOWER STREET, SUITE 900
LOS ANGELES, CALIFORNIA 90017-4121
TELEPHONE (213) 426-2000

1  JOHNSON, GRANT OBERLE, ERIC SAAVEDRA, SERGIO SANTOYO, and
2  ROBERT SOLORIO.

3        13.    This action is removable as there is federal question jurisdiction
4  because the plaintiffs have invoked 42 U.S.C. § 1983 as the basis for some of their
5  claims.

6        14.    Attached hereto as Exhibit "J" is a true and correct courtesy copy of the
7  Complaint, as well as all orders, served on COUNTY OF LOS ANGELES,
8  SHERIFF JIM MCDONNELL, JAMES JOBLING, MICHAEL BITOLAS,
9  ANTHONY JOHNSON, GRANT OBERLE, ERIC SAAVEDRA, SERGIO
10 SANTOYO, and ROBERT SOLORIO in the state action.

11       15.    The Notice of Removal is filed with this Court within 30 days after
12 defendants COUNTY OF LOS ANGELES, SHERIFF JIM MCDONNELL, JAMES
13 JOBLING, MICHAEL BITOLAS, ANTHONY JOHNSON, GRANT OBERLE,
14 ERIC SAAVEDRA, SERGIO SANTOYO, and ROBERT SOLORIO were served
15 with the Complaint on November 17, 2015.

16       16.    The Notice of Removal is being filed in this Court and in the Superior
17 Court of the State of California, County of Los Angeles.

18       I declare under penalty of perjury under the laws of the United States of
19 America that the foregoing is true and correct.

20       Executed on December 16 , 2015, at Los Angeles, California.

21

22                                          _____
23                                          Warren M. Williams

24

25

26

27

28

# EXHIBIT A

# SUMMONS
## (CITACION JUDICIAL)

SUM-100

**NOTICE TO DEFENDANT:** COUNTY OF LOS ANGELES; LOS
**(AVISO AL DEMANDADO):** ANGELES COUNTY SHERIFF'S
DEPARTMENT; SHERIFF JIM McDONNELL; JAMES JOBLING;
MICHAEL BITOLAS; ANTHONY JOHNSON; GRANT OBERLE; ERIC
SAAVEDRA; SERGIO SANTOYO; ROBERT SOLORIO; and DOES
through 50, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:** SUSAN BERRY,
**(LO ESTÁ DEMANDANDO EL DEMANDANTE):** individually and as
successor-in-interest of John Berry, deceased; CHRIS
BERRY, an individual, and MELISSA BERRY, an
individual,

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

**CONFORMED COPY**
**ORIGINAL FILED**
Superior Court of California
County of Los Angeles

OCT 14 2015

Sherri R. Carter, Executive Office/Clerk

By: _____, Deputy
Ishayla Chambers

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

The name and address of the court is:
(El nombre y dirección de la corte es):

SUPERIOR COURT FOR THE STATE OF CALIFORNIA
COUNTY OF LOS ANGELES
111 North Hill Street
Los Angeles, California 90012

**CASE NUMBER:**
(Número del Caso):

BC 5 9 7 9 3 2

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):

Steven F. Carlson, Esq.          Rondee J. Eagle, Esq. (714) 289-9818  (714) 289-9819
CARLSON & JOHNSON, LLP           L/O Rondee J. Eagle
472 South Glassell Street        5212 Katella Avenue Ste. 103B
Orange, California 92866         Los Alamitos, California 90720

DATE:
(Fecha)                          Clerk, by
                                 (Secretario)                    Deputy
                                                                 (Adjunto)

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).

[SEAL]

OCT 14 2015

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):

3. ☒ on behalf of (specify): County of L.A.

   under: ☐ CCP 416.10 (corporation)           ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
          ☒ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☒ other (specify): County of L.A.
4. ☐ by personal delivery on (date): 11/17/15

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Page 1 of 1

Legal
Solutions

Code of Civil Procedure §§ 412.20, 465

# EXHIBIT B



COPY

# SUMMONS
## (CITACION JUDICIAL)

**SUM-100**

**NOTICE TO DEFENDANT:** COUNTY OF LOS ANGELES; LOS
*(AVISO AL DEMANDADO):* ANGELES COUNTY SHERIFF'S
DEPARTMENT; SHERIFF JIM McDONNELL; JAMES JOBLING;
MICHAEL BITOLAS; ANTHONY JOHNSON; GRANT OBERLE; ERIC
SAAVEDRA; SERGIO SANTOYO; ROBERT SOLORIO; and DOES
through 50, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:** SUSAN BERRY,
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):* individually and as
successor-in-interest of John Berry, deceased;  CHRIS
BERRY, an individual, and MELISSA BERRY, an
individual,

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

**CONFORMED COPY**
**ORIGINAL FILED**
Superior Court of California
County of Los Angeles

OCT 1 4 2015

Sherri R. Carter, Executive Officer/Clerk

By: _____, Deputy
Ishayla Chambers

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado.  Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
SUPERIOR COURT FOR THE STATE OF CALIFORNIA
COUNTY OF LOS ANGELES
111 North Hill Street
Los Angeles, California 90012

**CASE NUMBER:**
*(Número del Caso:)*

BC 5 0 7 9 3 2

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Steven F. Carlson, Esq.        Rondee J. Eagle, Esq. (714) 289-9818  (714) 289-9819
CARLSON & JOHNSON, LLP        L/O Rondee J. Eagle
472 South Glassell Street      5212 Katella Avenue Ste. 103B
Orange, California 92866       Los Alamitos, California 90720

DATE:                                        Clerk, by _____, Deputy
*(Fecha)*                                    *(Secretario)*                          *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

OCT 1 4 2015

**NOTICE TO THE PERSON SERVED:** You are served
1. ☒ as an individual defendant.
2. ☒ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* SHERIFF JIM McDONNELL

   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☒ by personal delivery on *(date):* 11/11/15

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Legal
Solutions

Code of Civil Procedure §§ 412.20, 465

Page 1 of 1

# EXHIBIT C

 COPY

# SUMMONS
## *(CITACION JUDICIAL)*

**SUM-100**

**NOTICE TO DEFENDANT:** COUNTY OF LOS ANGELES; LOS
*(AVISO AL DEMANDADO):* ANGELES COUNTY SHERIFF'S
DEPARTMENT; SHERIFF JIM McDONNELL; JAMES JOBLING;
MICHAEL BITOLAS; ANTHONY JOHNSON; GRANT OBERLE; ERIC
SAAVEDRA; SERGIO SANTOYO; ROBERT SOLORIO; and DOES
through 50, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:** SUSAN BERRY,
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):* individually and as
successor-in-interest of John Berry, deceased; CHRIS
BERRY, an individual, and MELISSA BERRY, an
individual,

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

**CONFORMED COPY**
**ORIGINAL FILED**
Superior Court of California
County of Los Angeles

OCT 14 2015

Sherri R. Carter, Executive Office/Clerk

By: _____, Deputy
Ishayla Chambers

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
SUPERIOR COURT FOR THE STATE OF CALIFORNIA
COUNTY OF LOS ANGELES
111 North Hill Street
Los Angeles, California 90012

**CASE NUMBER:**
*(Número del Caso):*
BC 5 9 7 9 3 2

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Steven F. Carlson, Esq.      Rondee J. Eagle, Esq. (714) 289-9818   (714) 289-9819
CARLSON & JOHNSON, LLP       L/O Rondee J. Eagle
472 South Glassell Street    5212 Katella Avenue Ste. 103B
Orange, California 92866      Los Alamitos, California 90720

DATE:                        Clerk, by _____, Deputy
*(Fecha)*                    *(Secretario)*                      *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

OCT 14 2015

**NOTICE TO THE PERSON SERVED:** You are served
1. ☒ as an individual defendant. *OFFICER JAMES JOBLING*
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)            ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☒ by personal delivery on *(date):* 11/17/15

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]
**SUMMONS**
Legal Solutions
Page 1 of 1
Code of Civil Procedure §§ 412.20, 465

# EXHIBIT D

**COPY**

# SUMMONS
## *(CITACION JUDICIAL)*

SUM-100

**NOTICE TO DEFENDANT:** COUNTY OF LOS ANGELES; LOS
*(AVISO AL DEMANDADO):* ANGELES COUNTY SHERIFF'S
DEPARTMENT; SHERIFF JIM McDONNELL; JAMES JOBLING;
MICHAEL BITOLAS; ANTHONY JOHNSON; GRANT OBERLE; ERIC
SAAVEDRA; SERGIO SANTOYO; ROBERT SOLORIO; and DOES
through 50, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:** SUSAN BERRY,
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):* individually and as
successor-in-interest of John Berry, deceased; CHRIS
BERRY, an individual, and MELISSA BERRY, an
individual,

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**CONFORMED COPY
ORIGINAL FILED**
Superior Court of California
County of Los Angeles

OCT 1 4 2015

Sherri R. Carter, Executive Office/Clerk
By: _____, Deputy
Ishayla Chambers

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
SUPERIOR COURT FOR THE STATE OF CALIFORNIA
COUNTY OF LOS ANGELES
111 North Hill Street
Los Angeles, California 90012

CASE NUMBER:
*(Número del Caso):*
BC 597932

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Steven F. Carlson, Esq.        Rondee J. Eagle, Esq. (714) 289-9818  (714) 289-9819
CARLSON & JOHNSON, LLP         L/O Rondee J. Eagle
472 South Glassell Street      5212 Katella Avenue Ste. 103B
Orange, California 92866        Los Alamitos, California 90720

DATE:                                        Clerk, by _____, Deputy
*(Fecha)*                                    *(Secretaria)*                    *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

OCT 1 4 2015

**NOTICE TO THE PERSON SERVED:** You are served
1. ☒ as an individual defendant. OFFICER MICHAEL BITOLAS
2. ☐ as the person sued under the fictitious name of (specify):

3. ☒ on behalf of (specify): OFFICER MICHAEL BITOLAS
   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other (specify):
4. ☒ by personal delivery on (date): 11/17/15

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Legal
Solutions

Code of Civil Procedure §§ 412.20, 465

Page 1 of 1

# EXHIBIT E

📖 **COPY**

# SUMMONS
## *(CITACION JUDICIAL)*

**SUM-100**

**NOTICE TO DEFENDANT:** COUNTY OF LOS ANGELES; LOS
*(AVISO AL DEMANDADO):* ANGELES COUNTY SHERIFF'S
DEPARTMENT; SHERIFF JIM McDONNELL; JAMES JOBLING;
MICHAEL BITOLAS; ANTHONY JOHNSON; GRANT OBERLE; ERIC
SAAVEDRA; SERGIO SANTOYO; ROBERT SOLORIO; and DOES
through 50, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:** SUSAN BERRY,
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):* individually and as
successor-in-interest of John Berry, deceased; CHRIS
BERRY, an individual, and MELISSA BERRY, an
individual,

```
FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

OCT 1 4 2015

Sherri R. Carter, Executive Office/Clerk

By: _____, Deputy
        Ishayla Chambers
```

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
SUPERIOR COURT FOR THE STATE OF CALIFORNIA
COUNTY OF LOS ANGELES
111 North Hill Street
Los Angeles, California 90012

**CASE NUMBER:**
*(Número del Caso):*
BC 5 0 7 9 3 2

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Steven F. Carlson, Esq.         Rondee J. Eagle, Esq. (714) 289-9818   (714) 289-9819
CARLSON & JOHNSON, LLP          L/O Rondee J. Eagle
472 South Glassell Street       5212 Katella Avenue Ste. 103B
Orange, California 92866        Los Alamitos, California 90720

DATE:                           Clerk, by _____, Deputy
*(Fecha)*                       *(Secretario)*                      *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010).)*

**NOTICE TO THE PERSON SERVED:** You are served
1. [ ] as an individual defendant. OFFICER ANTHONY JOHNSON
2. [ ] as the person sued under the fictitious name of *(specify):*

3. [X] on behalf of *(specify):* SFT DEPUTY ANTHONY JOHNSON

   under: [ ] CCP 416.10 (corporation)          [ ] CCP 416.60 (minor)
          [ ] CCP 416.20 (defunct corporation)  [ ] CCP 416.70 (conservatee)
          [ ] CCP 416.40 (association or partnership) [ ] CCP 416.90 (authorized person)
          [ ] other *(specify):*

4. [X] by personal delivery on *(date):* 11/17/15

[SEAL]
OCT 1 4 2015

**SUMMONS**

Legal Solutions

Code of Civil Procedure §§ 412.20, 465
Page 1 of 1

# EXHIBIT F



# SUMMONS
## *(CITACION JUDICIAL)*

**SUM-100**

**NOTICE TO DEFENDANT:** COUNTY OF LOS ANGELES; LOS
*(AVISO AL DEMANDADO):* ANGELES COUNTY SHERIFF'S
DEPARTMENT; SHERIFF JIM McDONNELL; JAMES JOBLING;
MICHAEL BITOLAS; ANTHONY JOHNSON; GRANT OBERLE; ERIC
SAAVEDRA; SERGIO SANTOYO; ROBERT SOLORIO; and DOES
through 50, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:** SUSAN BERRY,
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):* individually and as
successor-in-interest of John Berry, deceased; CHRIS
BERRY, an individual, and MELISSA BERRY, an
individual,

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

OCT 14 2015

Sherri R. Carter, Executive Office/Clerk
By: _____, Deputy
Ishayla Chambers

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>SUPERIOR COURT FOR THE STATE OF CALIFORNIA<br>COUNTY OF LOS ANGELES<br>111 North Hill Street<br>Los Angeles, California 90012 | **CASE NUMBER:**<br>*(Número del Caso):*<br>BC 5 0 7 9 3 2 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Steven F. Carlson, Esq.      Rondee J. Eagle, Esq. (714) 289-9818   (714) 289-9819
CARLSON & JOHNSON, LLP       L/O Rondee J. Eagle
472 South Glassell Street    5212 Katella Avenue Ste. 103B
Orange, California 92866      Los Alamitos, California 90720

DATE: _____ Clerk, by _____, Deputy
*(Fecha)* *(Secretario)* *(Adjunto)*
SHERRI R. CARTER      Ishayla Chambers

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]
OCT 14 2015

**NOTICE TO THE PERSON SERVED:** You are served
1. ☒ as an individual defendant. *Official Grant Oberlie*
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* *Deputy Grant Oberlie*
   under: ☐ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☒ by personal delivery on *(date):* 12/17/15

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Legal
Solutions

Page 1 of 1

Code of Civil Procedure §§ 412.20, 465

EXHIBIT G

📋 COPY

# SUMMONS
## (CITACION JUDICIAL)

**SUM-100**

**NOTICE TO DEFENDANT:** COUNTY OF LOS ANGELES; LOS
**(AVISO AL DEMANDADO):** ANGELES COUNTY SHERIFF'S
DEPARTMENT; SHERIFF JIM McDONNELL; JAMES JOBLING;
MICHAEL BITOLAS; ANTHONY JOHNSON; GRANT OBERLE; ERIC
SAAVEDRA; SERGIO SANTOYO; ROBERT SOLORIO; and DOES
through 50, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:** SUSAN BERRY,
**(LO ESTÁ DEMANDANDO EL DEMANDANTE):** individually and as
successor-in-interest of John Berry, deceased; CHRIS
BERRY, an individual, and MELISSA BERRY, an
individual,

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

OCT 14 2015

Sherri R. Carter, Executive Office/Clerk
By: _____, Deputy
Ishayla Chambers

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
SUPERIOR COURT FOR THE STATE OF CALIFORNIA
COUNTY OF LOS ANGELES
111 North Hill Street
Los Angeles, California 90012

**CASE NUMBER:**
*(Número del Caso):*
BC 5 0 7 9 3 2

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Steven F. Carlson, Esq.       Rondee J. Eagle, Esq. (714) 289-9818  (714) 289-9819
CARLSON & JOHNSON, LLP        L/O Rondee J. Eagle
472 South Glassell Street      5212 Katella Avenue Ste. 103B
Orange, California 92866        Los Alamitos, California 90720

DATE:                                        Clerk, by _____, Deputy
*(Fecha)*                                     *(Secretario)*                    *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**[SEAL]**
OCT 14 2015

**NOTICE TO THE PERSON SERVED:** You are served
1. ☒ as an individual defendant. *OFFICER ERIC SAAVEDRA*
2. ☐ as the person sued under the fictitious name of (specify):

3. ☒ on behalf of (specify): *DEPUTY ERIC SAAVEDRA*

   under: ☐ CCP 416.10 (corporation)           ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other (specify):
4. ☒ by personal delivery on (date): 11/17/15

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Legal
Solutions

Page 1 of 1
Code of Civil Procedure §§ 412.20, 465

EXHIBIT 

📄 **COPY**

# SUMMONS
## (CITACION JUDICIAL)

**SUM-100**

**NOTICE TO DEFENDANT:** COUNTY OF LOS ANGELES; LOS
**(AVISO AL DEMANDADO):** ANGELES COUNTY SHERIFF'S
DEPARTMENT; SHERIFF JIM McDONNELL; JAMES JOBLING;
MICHAEL BITOLAS; ANTHONY JOHNSON; GRANT OBERLE; ERIC
SAAVEDRA; SERGIO SANTOYO; ROBERT SOLORIO; and DOES
through 50, inclusive,

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

**CONFORMED COPY**
**ORIGINAL FILED**
Superior Court of California
County of Los Angeles

**OCT 14 2015**

Sherri R. Carter, Executive Office/Clerk
By: _____, Deputy
Ishayla Chambers

**YOU ARE BEING SUED BY PLAINTIFF:** SUSAN BERRY,
**(LO ESTÁ DEMANDANDO EL DEMANDANTE):** individually and as
successor-in-interest of John Berry, deceased; CHRIS
BERRY, an individual, and MELISSA BERRY, an
individual,

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
SUPERIOR COURT FOR THE STATE OF CALIFORNIA
COUNTY OF LOS ANGELES
111 North Hill Street
Los Angeles, California 90012

**CASE NUMBER:**
*(Número del Caso):*
BC 5 9 7 9 3 2

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Steven F. Carlson, Esq.      Rondee J. Eagle, Esq. (714) 289-9818 (714) 289-9819
CARLSON & JOHNSON, LLP      L/O Rondee J. Eagle, Esq.
472 South Glassell Street    5212 Katella Avenue Ste. 103B
Orange, California 92866     Los Alamitos, California 90720

**DATE:**                    Clerk, by _____, Deputy
*(Fecha)*                    *(Secretario)*              *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☒ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* DEPUTY SERGIO SANTOYO

under: ☐ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
       ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
       ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
       ☐ other *(specify):*
4. ☒ by personal delivery on *(date):* 11/17/15

**[SEAL]**
OCT 14 2015

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Page 1 of 1
Code of Civil Procedure §§ 412.20, 465

*Legal Solutions*



📄 **COPY**

# SUMMONS
## *(CITACION JUDICIAL)*

**SUM-100**

**NOTICE TO DEFENDANT:** COUNTY OF LOS ANGELES; LOS
**(AVISO AL DEMANDADO):** ANGELES COUNTY SHERIFF'S
DEPARTMENT; SHERIFF JIM McDONNELL; JAMES JOBLING;
MICHAEL BITOLAS; ANTHONY JOHNSON; GRANT OBERLE; ERIC
SAAVEDRA; SERGIO SANTOYO; ROBERT SOLORIO; and DOES
through 50, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:** SUSAN BERRY,
**(LO ESTÁ DEMANDANDO EL DEMANDANTE):** individually and as
successor-in-interest of John Berry, deceased;  CHRIS
BERRY, an individual, and MELISSA BERRY, an
individual,

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**CONFORMED COPY
ORIGINAL FILED**
Superior Court of California
County of Los Angeles

OCT 1 4 2015

Sherri R. Carter, Executive Office/Clerk

By: _____, Deputy
Ishayla Chambers

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado.  Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*

SUPERIOR COURT FOR THE STATE OF CALIFORNIA
COUNTY OF LOS ANGELES
111 North Hill Street
Los Angeles, California 90012

**CASE NUMBER:**
*(Número del Caso):*

BC 5 9 7 9 3 9

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Steven F. Carlson, Esq.          Rondee J. Eagle, Esq.  (714) 289-9818  (714) 289-9819
CARLSON & JOHNSON, LLP           L/O Rondee J. Eagle
472 South Glassell Street        5212 Katella Avenue Ste. 103B
Orange, California 92866         Los Alamitos, California 90720

DATE:                            Clerk, by _____, Deputy
*(Fecha)*                        *(Secretario)*                        *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons *(form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

OCT 1 4 2015

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* DEPUTY ROBERT SOLORIO

   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☒ by personal delivery on *(date):* 11/17/15

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Legal
Solutions

Code of Civil Procedure §§ 412.20, 465
Page 1 of 1

# EXHIBIT J

1  Steven F. Carlson  #171434
2  Randy A. Johnson  #165105
   **LAW OFFICES OF CARLSON & JOHNSON, LLP**
3  472 South Glassell Street
   Orange, California 92866
4  Tel: 714.289.9818   Fax: 714.289.9819

5

6  Rondee J. Eagle  #208380
   **LAW OFFICE OF RONDEE J. EAGLE**
7  5212 Katella Avenue, Suite 103B
   Los Alamitos, California 90720
8
   Attorneys for Plaintiffs,
9  SUSAN BERRY, CHRIS BERRY,
   and MELISSA BERRY
10

11

12            **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

13      **COUNTY OF LOS ANGELES – CENTRAL DISTRICT – STANLEY MOSK**

14

15  SUSAN BERRY, individually and as          Case No.:   **BC 5 9 7 9 3 2**
    successor-in-interest of John Berry, deceased;
16  CHRIS BERRY, an individual; and           **COMPLAINT FOR DAMAGES**
    MELISSA BERRY, an individual,
17
             Plaintiffs,                      1.  **ASSAULT AND BATTERY –**
18                                                **WRONGFUL DEATH**
                                              2.  **NEGLIGENCE – WRONGFUL**
19     vs.                                        **DEATH**
                                              3.  **EXCESSIVE FORCE – 42 U.S.C.**
20  COUNTY OF LOS ANGELES; LOS                    **§1983**
    ANGELES COUNTY SHERIFF'S              4.  **RIGHTS OF FAMILIAL**
21  DEPARTMENT; SHERIFF JIM                       **ASSOCIATION – 42 U.S.C. §1983**
    McDONNELL; JAMES JOBLING;             5.  **FAILURE TO PROPERLY SCREEN**
22  MICHAEL BITOLAS; ANTHONY                      **AND HIRE – 42 U.S.C. §1983,**
    JOHNSON; GRANT OBERLE; ERIC                   *MONELL*
23  SAAVEDRA; SERGIO SANTOYO;            6.  **FAILURE TO PROPERLY TRAIN,**
    ROBERT SOLORIO; and DOES 1 through            **SUPERVISE, AND DISCIPLINE -- 42**
24  50, inclusive,                                **U.S.C. §1983,** *MONELL*
25                                            7.  **VIOLATION OF CAL. CIV. CODE**
             Defendants.                          **§52.1**
26                                            8.  **NEGLIGENT INFLICTION OF**
27                                                **EMOTIONAL DISTRESS**
28
                                              **DEMAND FOR JURY TRIAL**

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

OCT 1 4 2015

Sherri R. Carter, Executive Office/Clerk
By: _____ , Deputy
Ishayla Chambers

-1-

COMPLAINT

COME NOW PLAINTIFFS, above named, and in their capacities as set out, to complain of DEFENDANTS, and each of them, and allege as follows:

## I.

## INTRODUCTORY STATEMENT

1.      This is a civil rights and wrongful death action seeking monetary damages from Defendants for violating various rights under the United States Constitution and California state law in connection with the fatal shooting of the decedent, John Berry, on July 6, 2015.

## II.

## PARTIES

2.      At all relevant times, John L. Berry (hereinafter, "BERRY") was an individual residing in the County of Los Angeles, California. At the time of BERRY's death, BERRY was single and did not have a will or any other testamentary document.

3.      Plaintiff SUSAN BERRY is and was, at all times pertinent hereto, an individual residing in the County of Los Angeles, California, and was at all relevant times BERRY's mother, heir-at-law, survivor and successor-in-interest of BERRY as defined in California Code of Civil Procedure §§377.11, 377.30. Plaintiff SUSAN BERRY brings claims under 42 U.S.C. §1983 for violation of BERRY's constitutional rights, as Successor-In-Interest to BERRY.

4.      SUSAN BERRY has executed and filed the declaration under penalty of perjury required by California Code of Civil Procedure §377.32.

5.      SUSAN BERRY is a person described in California Code of Civil Procedure §377.60(a) as a person who may bring a wrongful death action and would be entitled to the property of BERRY by intestate succession. In her own right, SUSAN BERRY brings claims for wrongful death under 42 U.S.C. §1983 and California Civil Code §52.1 for deliberate indifference to her constitutionally protected interests.

-2-

COMPLAINT

6.      Plaintiff CHRIS BERRY is and was, at all times pertinent hereto, an individual residing in the City of Lakewood, County of Los Angeles, State of California. CHRIS BERRY is a person described in California Code of Civil Procedure §377.60(a) as a person who may bring a wrongful death action and would be entitled to the property of BERRY by intestate succession. In his own right, CHRIS BERRY brings claims for wrongful death under 42 U.S.C. §1983 and California Civil Code §52.1 for deliberate indifference to his constitutionally protected interests.

7.      Plaintiff MELISSA BERRY is and was, at all times pertinent hereto, an individual residing in the City of Lakewood, County of Los Angeles, State of California. MELISSA BERRY is a person described in California Code of Civil Procedure §377.60(a) as a person who may bring a wrongful death action and would be entitled to the property of BERRY by intestate succession. In her own right, MELISSA BERRY brings claims for wrongful death under 42 U.S.C. §1983 and California Civil Code §52.1 for deliberate indifference to her constitutionally protected interests.

8.      Defendant, COUNTY OF LOS ANGELES (hereinafter, "COUNTY"), is now, and at all times mentioned in this Complaint, was, a municipal corporation and political subdivision organized and existing under the law of the State of California and owns, operates, manages, directs and controls the Defendant LOS ANGELES COUNTY SHERIFF'S DEPARTMENT (hereinafter, "SHERIFF'S DEPT.") an operating department of the COUNTY.

9.      Defendant, JIM McDONNELL (hereinafter, " McDONNELL") at all material times was employed as Chief of Police of the SHERIFF'S DEPT. by Defendant COUNTY.

10.     Defendant, JAMES JOBLING (hereinafter, "JOBLING") at all material times was employed as a sergeant of the SHERIFF'S DEPT. by Defendant COUNTY.

11.     Defendant, MICHAEL BITOLAS (hereinafter, "BITOLAS") at all material times was employed as a deputy officer of the SHERIFF'S DEPT. by Defendant COUNTY.

12.     Defendant, ANTHONY JOHNSON (hereinafter, "JOHNSON") at all material times was employed as a deputy officer of the SHERIFF'S DEPT. by Defendant COUNTY.

13.     Defendant, GRANT OBERLE (hereinafter, "OBERLE") at all material times was employed as a deputy officer of the SHERIFF'S DEPT. by Defendant COUNTY.

-3-

COMPLAINT

14.     Defendant, ERIC SAAVEDRA (hereinafter, "SAAVEDRA") at all material times was employed as an officer of the SHERIFF'S DEPT. by Defendant COUNTY.

15.     Defendant, SERGIO SANTOYO (hereinafter, "SANTOYO") at all material times was employed as an officer of the SHERIFF'S DEPT. by Defendant COUNTY.

16.     Defendant, ROBERT SOLORIO (hereinafter, "SOLORIO") at all material times was employed as an officer of the SHERIFF'S DEPT. by Defendant COUNTY.

17.     In doing the acts alleged in this Complaint, Defendants McDONNELL, JOBLING, BITOLAS, JOHNSON, OBERLE, SAAVEDRA, SANTOYO, and SOLORIO were acting under the color of statues, ordinances, regulations, customs, laws and usages of Defendant COUNTY, Defendant SHERIFF'S DEPT. and the State of California under their respective offices.

18.     DOES 1 through 50, inclusive, are also those persons or entities whose conduct caused the injuries and damages alleged herein. The true names and/or capacities, whether individual, corporate, associate or otherwise of Defendants DOES 1 through 50, inclusive, and each of them, are presently unknown to Plaintiffs, who therefore sue said defendants by such fictitious names. Plaintiffs are informed and believe and thereupon allege that each of the Defendants herein fictitiously named as a DOES is legally responsible, negligently or in some other actionable manner, for the events and happenings hereinafter, referred and, therefore, proximately caused the injuries and damages to Plaintiffs as herein alleged. Plaintiffs will seek leave of Court to amend this Complaint and state the true names and/or capacities of such fictitiously named Defendants when the same have been ascertained.

19.     Defendants, and each of them, were the agents, employees and servants of each other and were acting at all times within the full course and scope of their agency and employment, with the full knowledge and consent, either expressed or implied, of their principal an/or employer and each of the other named defendants and each of the defendants had approve or ratified the actions of the other defendants thereby making the currently named defendants herein liable for the acts an/or omissions of their agents, servants and/or employees.

## III.

## JURISDICTION AND VENUE

20.     Jurisdiction and venue in the county and division are proper because the events giving rise to each and every of the following causes of action, which are described below, occurred within the judicial district in the State of California. Furthermore, the relief sought through this Complaint is within the jurisdiction of this Court because the damages exceed $25,000.00.

21.     Plaintiffs filed a timely Claim for Damages with the County of Los Angeles and Los Angeles County Sheriff's Department, on or about August 21, 2015, pursuant to California Government Code §911.2. On October 2, 2015, Plaintiffs were notified by the County of Los Angeles, Board of Supervisors, that their claim had been rejected on September 30, 2015. Therefore, Plaintiffs now have the legal right to file this Complaint in a Superior Court of California.

## IV.

## FACTS COMMON TO ALL CAUSES OF ACTION

22.     Plaintiffs hereby restate and re-allege paragraphs 1 through 21, above, and hereby incorporate by reference said paragraphs, as though fully set forth below.

23.     Jonathan L. Berry, decedent BERRY, was a 31 year-old male, living at home in a single-family residence in the city of Lakewood, California with his mother, Plaintiff SUSAN BERRY, his sister, Plaintiff MELISSA BERRY, his niece, and his brother, Plaintiff CHRIS BERRY, a federal police officer.

24.     BERRY had a history of mental illness, having had one, single episode a couple of years prior to the subject incident, for which he had been briefly hospitalized, received consultation, treatment, was prescribed medication for his mental disorder, and then subsequently released. Since his one, single episode, BERRY had been thriving and doing extremely well in his physical and mental life.

25.    On the morning July 6, 2015, of CHRIS BERRY, the federal police officer, called the SHERIFF'S DEPT. to request a medical team to come out to the family residence and evaluate BERRY, his brother, because CHRIS BERRY believed that BERRY might be off his medication.

26.    During his telephone call to SHERIFF'S DEPT., CHRIS BERRY informed them that BERRY was sitting inside of his car at the family residence, that BERRY was unarmed, and that no weapons were involved. CHRIS BERRY explicitly told SHERIFF'S DEPT. that he just wanted his brother evaluated.

27.    From the time that CHRIS BERRY phoned SHERIFF'S DEPT., up to the beginning of the first officer's arrival and the beginning of the subject incident, BERRY had broken no laws, was not a threat to himself or others, and was not doing anything wrong, nor illegal. BERRY was simply sitting in his car at the family residence. SUSAN BERRY, CHRIS BERRY and MELISSA BERRY were in the front yard, talking to BERRY. No felony, misdemeanor, infraction, or crime of any kind was occurring, nor had been committed.

28.    When the first Sheriff's Deputy, whose name is unknown at this time, arrived on scene, he blocked and barred from exit the vehicle in which BERRY was sitting. Upon exiting his sheriff's vehicle, the first Sheriff's deputy immediately began yelling at BERRY and CHRIS BERRY in an aggressive and hostile manner, even after CHRIS BERRY re-informed the SHERIFF'S DEPT. deputy that CHRIS BERRY was himself a peace officer and just wanted his brother, BERRY, evaluated.

29.    The overly-aggressive Sheriff's deputy (whose name is unknown at this time), continued yelling at BERRY and demanded that he get out of his vehicle. Confused, BERRY asked the deputy what he had done wrong, and then BERRY told the deputy that he (BERRY) was doing nothing wrong.

30.    The situation quickly escalated and spiraled out of control when additional SHERIFF'S DEPT. deputies arrived on scene. The deputies showed a clear failure in their training and supervision in responding to this type of situation. They immediately pounced on the frightened and confused BERRY by pepper spraying BERRY, tasering him with a TASER GUN, beating him

-6-

COMPLAINT

with batons, pulling and yanking on his body, and yelling, screaming and threatening with violence the now injured, pained and fearful BERRY.

31.    The deputies, JOBLING, BITOLAS, JOHNSON, OBERLE, SAAVEDRA, SANTOYO, and SOLORIO, continued to attack, beat, taser, and berate BERRY until, at some point and for causes unknown, BERRY's vehicle began moving in reverse. One of the officers, while apparently trying to get out of the way, slipped and fell briefly on the ground before getting up and dusting off his hands and uniform, apparently completely unharmed.

32.    Mere seconds after BERRY's vehicle began to move backwards, one of the Sheriff's deputies fired a gunshot at BERRY and then several of the other deputies immediately began firing. 20 to thirty 30 bullets were fired at or into BERRY, thereby instantly killing him.

## V.

## FIRST CAUSE OF ACTION

### Assault and Battery – Wrongful Death

33.    Plaintiff hereby restates and re-alleges paragraphs 1 through 32, above, and hereby incorporates by reference said paragraphs, as though fully set forth below.

34.    On July 6, 2015, at approximately 10:30 a.m., Defendants COUNTY and SHERIFF'S DEPT. through their employees, JOBLING, BITOLAS, JOHNSON, OBERLE, SAAVEDRA, SANTOYO, and SOLORIO, intended to discharge and did discharge numerous bullets from their service weapons into the body of BERRY.

35.    BERRY died at the scene of the incident due to several gunshot wounds to his body.

36.    Defendants JOBLING, BITOLAS, JOHNSON, OBERLE, SAAVEDRA, SANTOYO, and SOLORIO, had ample time to deliberate before firing their service weapons and fatally wounding BERRY.

37.    On information and belief, a reasonable law-enforcement officer would not have discharged his or her service weapon and fatally wounded BERRY under the same circumstances because: (a) BERRY posed no real, immediate or significant threat of death or

-7-

COMPLAINT

1   serious bodily injury to the Defendants JOBLING, BITOLAS, JOHNSON, OBERLE,

2   SAAVEDRA, SANTOYO, and SOLORIO or to the public; (b) there was no crime at hand and

3   wrongdoing, if any, was not inherently dangerous and was negligible; and (c) there were several

4   alternative means of responding to the situation without using deadly force.

5       38.    As a result, the use of deadly force was excessive and objectively unreasonable

6   under the circumstances.

7       39.    BERRY did not consent to the use of such force.

8       40.    The actions of Defendants JOBLING, BITOLAS, JOHNSON, OBERLE,

9   SAAVEDRA, SANTOYO, and SOLORIO aroused fear in the person of BERRY and were

10  against his will.

11      41.    As a direct and proximate result of the assault and battery described above and

12  throughout this Complaint, BERRY died on July 6, 2015.

13      42.    As a further direct and proximate result of the assault and battery described above

14  and throughout this Complaint, and the wrongful death of BERRY, Plaintiffs SUSAN BERRY,

15  CHRIS BERRY and MELISSA BERRY have sustained pecuniary and compensable loss

16  resulting from the loss of BERRY's care, society, attention, services, affection, familial

17  relationship, companionship, love and monetary and non-monetary support as provided in

18  Section 377.61 of the California Code of Civil Procedure, all in an amount not yet determined

19  and to be proven at the time of trial.

20      43.    As a further direct and proximate result of the assault and battery described above

21  and throughout this Complaint, Plaintiffs have also incurred reasonable and necessary expenses

22  for BERRY's funeral, burial and memorial services to his damage in a presently unascertained

23  sum. Plaintiffs request permission to insert the amount when it is finally determined.

24      44.    As a further direct and proximate result of the assault and battery described above

25  and throughout this Complaint, Plaintiffs have been generally damaged in a sum to be

26  established according to proof a the time of trial, as provided in California Code of Civil

27  Procedure §§425.10 and 425.11.

28

45.     Plaintiffs believe, and on such information and belief, allege that the wrongful acts and conduct of Defendants JOBLING, BITOLAS, JOHNSON, OBERLE, SAAVEDRA, SANTOYO, and SOLORIO, as set forth above, were conducted or occurred deliberately, intentionally, knowingly, maliciously, willfully, wantonly, and with conscious and reckless disregard for the rights and safety of BERRY, entitling Plaintiff SUSAN BERRY to an award of exemplary damages as successor-in-interest to BERRY as provided by California Code of Civil Procedure §337.34.

46.     The COUNTY and SHERIFF'S DEPT. are vicariously liable for the wrongful acts of Defendants JOBLING, BITOLAS, JOHNSON, OBERLE, SAAVEDRA, SANTOYO, and SOLORIO pursuant to §815.2 of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

## VI.

## SECOND CAUSE OF ACTION

### Negligence – Wrongful Death

47.     Plaintiff hereby restates and re-alleges paragraphs 1 through 46, above, and hereby incorporates by reference said paragraphs, as though fully set forth below.

48.     On information and belief, a reasonable law-enforcement officer would not have discharged his or her service weapon and fatally wounded BERRY under the same circumstances because: (a) BERRY posed no real, immediate or significant threat of death or serious bodily injury to the Defendants JOBLING, BITOLAS, JOHNSON, OBERLE, SAAVEDRA, SANTOYO, and SOLORIO or to the public; (b) there was no crime at hand and wrongdoing, if any, was not inherently dangerous and was negligible; and (c) there were several alternative means of responding to the situation without using deadly force.

49.     In committing the acts described above and throughout this Complaint, Defendants JOBLING, BITOLAS, JOHNSON, OBERLE, SAAVEDRA, SANTOYO, and SOLORIO were negligent, careless, reckless and/or otherwise failed to meet their duties, non-delegable and otherwise, which they owed to BERRY.

50.     At all times material hereto, Defendants JOBLING, BITOLAS, JOHNSON, OBERLE, SAAVEDRA, SANTOYO, and SOLORIO knew or should have known that their failure to act reasonably when arresting or otherwise detaining BERRY would resulting serious bodily injury and/or death of BERRY.

51.     As a direct and proximate result of the negligent and careless acts described above and throughout this Complaint, BERRY died on July 6, 2015.

52.     As a further direct and proximate result of the negligent and careless acts described above and throughout this Complaint, and the wrongful death of BERRY, Plaintiffs have sustained pecuniary and compensable loss resulting from the loss of BERRY's care, society, attention, services, affection, familial relationship, companionship, love and monetary and non-monetary support as provided in Section 377.61 of the California Code of Civil Procedure, all in an amount not yet determined and to be proven at the time of trial.

53.     As a direct and proximate result of the negligent and careless acts described above and throughout this Complaint, Plaintiffs have also incurred reasonable and necessary expenses for BERRY's funeral, burial and memorial services to his damage in a presently unascertained sum. Plaintiffs request permission to insert the amount when it is finally determined.

54.     As a further direct and proximate result of the negligent and careless acts described above and throughout this Complaint, Plaintiffs have been generally damaged in a sum to be established according to proof a the time of trial, as provided in California Code of Civil Procedure §§425.10 and 425.11.

55.     Plaintiffs believe, and on such information and belief, allege that the wrongful acts and conduct of Defendants JOBLING, BITOLAS, JOHNSON, OBERLE, SAAVEDRA, SANTOYO, and SOLORIO, as set forth above, were conducted or occurred deliberately, intentionally, knowingly, maliciously, willfully, wantonly, and with conscious and reckless

-10-

COMPLAINT

disregard for the rights and safety of BERRY, entitling Plaintiff SUSAN BERRY to an award of exemplary damages as successor-in-interest to BERRY as provided by California Code of Civil Procedure §337.34.

56.    The COUNTY and SHERIFF'S DEPT. are vicariously liable for the wrongful acts of Defendants JOBLING, BITOLAS, JOHNSON, OBERLE, SAAVEDRA, SANTOYO, and SOLORIO pursuant to §815.2 of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

## VII.
### THIRD CAUSE OF ACTION
### Excessive Force, 42 U.S.C. §1983

57.    Plaintiff hereby restates and re-alleges paragraphs 1 through 56, above, and hereby incorporates by reference said paragraphs, as though fully set forth below.

58.    Defendants JOBLING, BITOLAS, JOHNSON, OBERLE, SAAVEDRA, SANTOYO, and SOLORIO used force, including deadly force, to arrest and/or detain BERRY when they discharged their services weapons and fatally wounded BERRY. Defendants JOBLING, BITOLAS, JOHNSON, OBERLE, SAAVEDRA, SANTOYO, and SOLORIO acted under color of law at all times relevant to this Complaint. Had BERRY survived the unnecessary deprivation of his civil rights allege herein, a portion of this claim would have inured to his benefit.

59.    Without cause or justification, and acting under color of law, Defendants JOBLING, BITOLAS, JOHNSON, OBERLE, SAAVEDRA, SANTOYO, and SOLORIO, and DOES 1 through 50 and each of them, intentionally and maliciously deprived BERRY of rights secured to him by the First, Fourth, and Fourteenth Amendments to the United States Constitution in that Defendants, and each of them, subjected BERRY to unreasonable,

-11-

COMPLAINT

unnecessary and excessive force during his detention even though no strong government interest compelled the need for the officers to use force, especially the use of deadly force.

60. Defendants JOBLING, BITOLAS, JOHNSON, OBERLE, SAAVEDRA, SANTOYO, and SOLORIO used force during their detention of BERRY. Defendants used pepper spray on BERRY, in addition they tasered him with a TASER gun, beat him with a baton and yanked and pulled on various parts of his body while he was sitting in his car. Defendants JOBLING, BITOLAS, JOHNSON, OBERLE, SAAVEDRA, SANTOYO, and SOLORIO acted under color of law at all times relevant to his Complaint.

61. Defendants also used force during their detention of BERRY when they screamed and yelled at him, threatening him with more physical violence if he did not exit his lawfully parked vehicle. Defendants acted under color of law at all times relevant to his Complaint.

62. On information and belief, a reasonable law-enforcement officer would not have discharged his or her service weapon and fatally wounded BERRY under the same circumstances because: (a) BERRY posed no real, immediate or significant threat of death or serious bodily injury to the Defendants JOBLING, BITOLAS, JOHNSON, OBERLE, SAAVEDRA, SANTOYO, and SOLORIO or to the public; (b) there was no crime at hand and wrongdoing, if any, was not inherently dangerous and was negligible; and (c) there were several alternative means of responding to the situation without using deadly force.

63. On information and belief, a reasonable law-enforcement officer would not have beat, tasered, pepper sprayed, yanked and pulled on BERRY under the same circumstances because: (a) BERRY posed no real, immediate or significant threat of death or serious bodily injury to the Defendants JOBLING, BITOLAS, JOHNSON, OBERLE, SAAVEDRA, SANTOYO, and SOLORIO or to the public; (b) they were already appraised before they arrived on scene that there was no crime at hand and a wrongdoing, if any, was not inherently dangerous and was negligible; and (c) there were several alternative means of responding to the situation without using deadly force and excessive force.

-12-

64.    As a result, the use of deadly force was excessive and objectively unreasonable under the circumstances. The force used was also performed with a deliberate indifference to the safety and welfare of BERRY. Defendants' actions thereby deprived BERRY of his right to be free from the use of excessive force by law enforcement, and his right to be protected by law enforcement, rather than attacked by it.

65.    At all times material hereto, Defendants JOBLING, BITOLAS, JOHNSON, OBERLE, SAAVEDRA, SANTOYO, and SOLORIO knew or should have known that their actions while arresting or otherwise detaining BERRY were overreaching, unreasonable, and would result in serious bodily injury and/or death to BERRY.

66.    As a further direct and proximate result of the deadly and excessive actions described above and throughout this Complaint, and the wrongful death of BERRY, Plaintiffs have sustained pecuniary and compensable loss resulting from the loss of BERRY's care, society, attention, services, affection, familial relationship, companionship, love and monetary and non-monetary support as provided in Section 377.61 of the California Code of Civil Procedure, all in an amount not yet determined and to be proven at the time of trial.

67.    As a direct and proximate result of the deadly and excessive forces described above and throughout this Complaint, Plaintiffs have also incurred reasonable and necessary expenses for BERRY's funeral, burial and memorial services to his damage in a presently unascertained sum. Plaintiffs request permission to insert the amount when it is finally determined.

68.    As a further direct and proximate result of the negligent and careless acts described above and throughout this Complaint, Plaintiffs have been generally damaged in a sum to be established according to proof a the time of trial, as provided in California Code of Civil Procedure §§425.10 and 425.11.

69.    Plaintiffs believe, and on such information and belief, allege that the wrongful acts and conduct of Defendants JOBLING, BITOLAS, JOHNSON, OBERLE, SAAVEDRA, SANTOYO, and SOLORIO, as set forth above, were conducted or occurred deliberately, intentionally, knowingly, maliciously, willfully, wantonly, and with conscious and reckless

COMPLAINT

disregard for the rights and safety of BERRY, entitling Plaintiff SUSAN BERRY to an award of exemplary damages as successor-in-interest to BERRY as provided by California Code of Civil Procedure §337.34.

70.    As a further result of the foregoing, Plaintiffs are entitled to recover reasonable costs and attorney fees under 42 U.S.C. §1988.

71.    In committing the acts described above, Plaintiffs are informed and believe and thereupon allege that Defendants JOBLING, BITOLAS, JOHNSON, OBERLE, SAAVEDRA, SANTOYO, and SOLORIO acted with oppression or malice, entitling Plaintiffs to an award of punitive damages under 42 U.S.C. §1983 and California Code of Civil Procedure §337.34 against Defendants JOBLING, BITOLAS, JOHNSON, OBERLE, SAAVEDRA, SANTOYO, and SOLORIO in an amount to be proven at the time of trial.

## VIII.
## FOURTH CAUSE OF ACTION
### Rights of Familial Association, 42 U.S.C. §1983

72.    Plaintiff hereby restates and re-alleges paragraphs 1 through 71, above, and hereby incorporates by reference said paragraphs, as though fully set forth below.

73.    Plaintiffs held a cognizable interest under the Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free from state actions that deprive them of life, liberty, or property in such a manner as to shock the conscience, including, but not limited to, unwarranted state interference with the familial relationship of BERRY.

74.    Defendants, acting under color of state law, thus violated the Fourteenth Amendment rights of Plaintiffs to be free from unwarranted interference with their familial relationship with each other.

75.     As a direct and proximate cause of Defendants' deprivations and violations of Plaintiffs' Fourteenth Amendment rights, Plaintiffs have been deprived of the life-long comfort, support, society, care attention, services, affection, and companionship of BERRY, and will continue to be so deprived for the remainder of their natural lives.

76.     As a further direct and proximate result of Defendants' deprivations and violations of Plaintiffs' Fourteenth Amendment rights, Plaintiffs have also incurred reasonable and necessary expenses for BERRY's funeral, burial and memorial services to their damage in an amount according to proof at time of trial.

77.     As a further result of the foregoing, Plaintiffs are entitled to recover reasonable costs and attorney fees under 42 U.S.C. §1988.

78.     In committing the acts described above and throughout this Complaint, Plaintiffs are informed and believe that Defendants JOBLING, BITOLAS, JOHNSON, OBERLE, SAAVEDRA, SANTOYO, and SOLORIO acted with oppression or malice, entitling Plaintiffs to an award of punitive damages under 42 U.S.C. §1983 and California Code of Civil Procedure §337.34 against Defendants JOBLING, BITOLAS, JOHNSON, OBERLE, SAAVEDRA, SANTOYO, and SOLORIO in an amount according to proof at time of trial.


IX.

## FIFTH CAUSE OF ACTION

### Failure to Properly Screen and Hire, 42 U.S.C. §1983, *Monell*

79.     Plaintiff hereby restates and re-alleges paragraphs 1 through 78, above, and hereby incorporates by reference said paragraphs, as though fully set forth below.

80.     The COUNTY, SHERIFF'S DEPT., and McDONNELL, and DOES 1 – 50 as a matter of custom, practice and policy, failed to adequately and properly screen and hire the Defendant employees.

81.     The failure of Defendants, their agents, servants, and employees to properly screen and hire the defendant officers as a matter of policy, custom and practice, in the exercise

-15-

COMPLAINT

of their functions, was deliberately indifferent to the Constitutional rights of Plaintiffs and done with conscious disregard for the dangers of harm and injury to Plaintiffs and others similarly situated.

82.     Due to the acts of the defendants, the failure to properly screen and hire officers and the continued employment of the defendant officers, a clear and present danger exists to the residents of the County of Los Angeles.

83.     Furthermore, these defendants, with deliberate indifference, disregarded a duty to protect the public from official misconduct.

84.     Therefore, these defendants, with deliberate indifference, disregarded a duty to protect the public from official misconduct.

85.     The conduct alleged herein violated BERRY's rights alleged above which has legally, proximately, foreseeably and actually caused Plaintiffs to suffer general and special damages according to proof at the time of trial.

86.     Plaintiffs are also entitled to recover reasonable costs and attorney fees under 42 U.S.C. §1988.

87.     In committing the acts described above and throughout this Complaint, Plaintiffs are informed and believe that Defendants COUNTY, SHERIFF'S DEPT., and McDONNELL, and DOES 1 – 50 acted with oppression or malice, entitling Plaintiffs to an award of punitive damages under 42 U.S.C. §1983 and California Code of Civil Procedure §337.34 against Defendants in an amount according to proof at time of trial.

## X.

## SIXTH CAUSE OF ACTION

**Failure to Properly Train, Supervise and Discipline, 42 U.S.C. §1983, *Monell***

88.     Plaintiff hereby restates and re-alleges paragraphs 1 through 87, above, and hereby incorporates by reference said paragraphs, as though fully set forth below.

89.     The COUNTY, SHERIFF'S DEPT., McDONNELL and DOES 1 – 50 as a matter of custom, practice, and policy, failed to maintain adequate and proper training for officers and

law-enforcement personnel in the department necessary to educate the officers as to Constitutional rights of arrestees, to prevent the consistent and systematic use of excessive force by arresting officers, and to prevent the excessive force and extra-judicial punishment of potential arrestees by officers.

90.     The COUNTY, SHERRIF'S DEPT., McDONNELL and DOES 1 – 50 also failed to provide adequate supervision and discipline to officers and other law-enforcement personnel that hold the power, authority, insignia, equipment and arms entrusted to them. Defendants also failed to promulgate and enforce adequate policies and procedures related to alternatives to the use of deadly force.

91.     Said custom, practice and policy included a failure to adequately investigate, supervise and discipline offending officers that fostered the custom, practice, and policy within the department which resulted in the excessive use of force and, eventually, the death of BERRY.

92.     These defendants, with deliberate indifference, disregarded a duty to protect the public from official misconduct.

93.     The failure to promulgate or maintain constitutionally adequate policies regarding training was done with deliberate indifference to the rights of Plaintiffs and others in their position.

94.     The constitutionally infirm lack of adequate training, supervision, and discipline as to the officers and law-enforcement personnel in this case caused Plaintiffs to suffer general and special damages according to proof at the time of trial.

95.     Plaintiffs are also entitled to recover reasonable costs and attorney fees under 42 U.S.C. §1988.

96.     In committing the acts described above and throughout this Complaint, Plaintiffs are informed and believe that Defendants COUNTY, SHERIFF'S DEPT., and McDONNELL, and DOES 1 – 50 acted with oppression or malice, entitling Plaintiffs to an award of punitive damages under 42 U.S.C. §1983 and California Code of Civil Procedure §337.34 against Defendants in an amount according to proof at time of trial.

-17-

COMPLAINT

# XI.

## SEVENTH CAUSE OF ACTION

### Violation of Bane Act, California Civil Code §52.1

97.    Plaintiff hereby restates and re-alleges paragraphs 1 through 96, above, and hereby incorporates by reference said paragraphs, as though fully set forth below.

98.    Defendants JOBLING, BITOLAS, JOHNSON, OBERLE, SAAVEDRA, SANTOYO, and SOLORIO, while working as officers for COUNTY, SHERRIF'S DEPT., and McDONNELL, and acting within the course and scope of their official duties, interfered with or attempted to interfere with the rights of BERRY to be free from unreasonable excessive force by threatening or committing acts involving violence, coercion, or intimidation.

99.    On information and belief, BERRY reasonably believed that if he exercised his constitutional rights to be free from unreasonable excessive force, Defendants JOBLING, BITOLAS, JOHNSON, OBERLE, SAAVEDRA, SANTOYO, and SOLORIO would not commit acts involving violence, threats, coercion or intimidation against his person.

100.    Defendants JOBLING, BITOLAS, JOHNSON, OBERLE, SAAVEDRA, SANTOYO, and SOLORIO injured BERRY, to prevent BERRY from exercising his rights or to retaliate against BERRY for having exercised his rights.

101.    As a direct and proximate result of Defendants JOBLING, BITOLAS, JOHNSON, OBERLE, SAAVEDRA, SANTOYO, and SOLORIO acts, Plaintiffs have been deprived of the life-long comfort, society, support, care, and companionship of BERRY, and will continue to be so deprived for the remainder of their natural lives.

102.    As a further direct and proximate result of Defendants' JOBLING, BITOLAS, JOHNSON, OBERLE, SAAVEDRA, SANTOYO, and SOLORIO acts, Plaintiffs have also incurred reasonable and necessary expenses for BERRY's funeral, burial and memorial services to their damage in an amount according to proof at time of trial.

103.    Defendants' violation of Plaintiffs' rights as guaranteed by California Civil Code §52.1 entitles Plaintiffs to recover reasonable costs and attorney fees under California Civil Code §§52.1, subd. (h), 52(b)(3).

104.    In committing the acts described above and throughout this Complaint, Plaintiffs are informed and believe that Defendants JOBLING, BITOLAS, JOHNSON, OBERLE, SAAVEDRA, SANTOYO, and SOLORIO acted with a willful and conscious disregard for Plaintiffs' rights as secured by §52.1, thereby entitling Plaintiffs to recover punitive damages pursuant to California Civil Code §52, subd. (b)(1).

105.    The COUNTY and SHERIFF'S DEPT. are vicariously liable for the wrongful acts of Defendants JOBLING, BITOLAS, JOHNSON, OBERLE, SAAVEDRA, SANTOYO, and SOLORIO pursuant to §815.2 of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of their employment if the employee's act would subject him or her to liability.

## XII.

## EIGHTH CAUSE OF ACTION

### Negligent Infliction of Emotional Distress

106.    Plaintiff hereby restates and re-alleges paragraphs 1 through 105, above, and hereby incorporates by reference said paragraphs, as though fully set forth below.

107.    Defendants JOBLING, BITOLAS, JOHNSON, OBERLE, SAAVEDRA, SANTOYO, and SOLORIO fired their service weapons multiple times at BERRY's person, striking BERRY multiple times at multiple points of his person. BERRY died at the scene.

108.    On information and belief, a reasonable law-enforcement officer would not have discharged his or her service weapon and fatally wounded BERRY under the same circumstances because: (a) BERRY posed no real, immediate or significant threat of death or serious bodily injury to the Defendants JOBLING, BITOLAS, JOHNSON, OBERLE, SAAVEDRA, SANTOYO, and SOLORIO or to the public; (b) there was no crime at hand and wrongdoing, if any, was not inherently dangerous and was negligible; and (c) there were several alternative means of responding to the situation without using deadly force.

109.    Plaintiffs, BERRY's family, were present at the scene at the time BERRY was shot numerous times and were aware that BERRY was being injured.

110.    As a result of seeing their family member shot and killed, Plaintiffs have suffered serious emotional distress, including, but not limited to, suffering, anguish, fright, horror, nervousness, grief, anxiety, worry, depression, and shock.

111.    Defendants JOBLING, BITOLAS, JOHNSON, OBERLE, SAAVEDRA, SANTOYO, and SOLORIO conduct of shooting BERRY multiple times in multiple points of his body, as he made attempts to comply with their detention of him, was a substantial factor in causing Plaintiffs' serious emotional distress.

112.    The COUNTY and SHERIFF'S DEPT. are vicariously liable for the wrongful acts of Defendants JOBLING, BITOLAS, JOHNSON, OBERLE, SAAVEDRA, SANTOYO, and SOLORIO pursuant to §815.2 of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of their employment if the employee's act would subject him or her to liability.

XII.

PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment as follows:

1.    For general damages in the sum according to proof at trial;

2.    For special damages in a sum according to proof at trial;

3.    For an award of interest, including prejudgment interest, at the legal rate;

4.    For costs of suit and reasonable attorney fees as provided by law, including, but not limited to 42 U.S.C. §1988 and California Civil Code §§52.1, subd. (h), 52, subd. (b)(3);

5.    For punitive damages as provided by law, including, but not limited to 42 U.S.C. §1983, California Civil Code §52, subd. (b)(1) against individual Defendants JOBLING, BITOLAS, JOHNSON, OBERLE, SAAVEDRA, SANTOYO, SOLORIO, and McDONNELL in an amount according to proof at trial;

6.    For such other and further relief as the court may deem just, proper, and appropriate.

Dated:  October 13, 2015            By:

Steven F. Carlson
Attorney for Plaintiffs,
SUSAN BERRY, CHRIS BERRY, and
MELISSA BERRY

-21-

COMPLAINT

## DEMAND FOR JURY TRIAL

Plaintiffs SUSAN BERRY, CHRIS BERRY, and MELISSA BERRY hereby demand a trial by jury.

Dated:  October 13, 2015

By: _____

Steven F. Carlson
Attorney for Plaintiffs,
SUSAN BERRY, CHRIS BERRY, and
MELISSA BERRY

-22-

COMPLAINT

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
NOTICE OF CASE ASSIGNMENT - UNLIMITED CIVIL PERSONAL INJURY CASE

Case Number _____

**THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT**    BC 5 9 7 9 3 2

Your case is assigned for all purposes to the judicial officer indicated below (Local Rule 3.3(c).

| ASSIGNED JUDGE | DEPT | ROOM | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|
| Hon. David Sotelo | 91 | 632 | | | |
| Hon. Michelle Williams Court | 92 | 633 | | | |
| Hon. Howard L. Halm | 93 | 631 | | | |
| Hon. Daniel S. Murphy | 97 | 630 | | | |
| Hon. Holly J. Fujie | 98 | 635 | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

OSC. 03/29/2017 TRIAL: 04/14/2017 OSC: 10/15/2018

Given to the Plaintiff/Cross-Complainant/Attorney of Record on    OCT 1 4 2015    SHERRI R. CARTER, Executive Officer/Clerk

By _____, Deputy Clerk

Ishayla Chambers

LACIV PI 190 (Rev. 09/15)
LASC Approved 05-06

**NOTICE OF CASE ASSIGNMENT**

**UNLIMITED CIVIL CASE**

FILED
LOS ANGELES SUPERIOR COURT

SEP 1 8 2015

SHERRI R. CARTER, EXECUTIVE OFFICER/CLERK

BY C. CASAREZ, DEPUTY

SUPERIOR COURT OF THE STATE OF CALIFORNIA
FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| In re Personal Injury Cases Assigned to the Personal Injury Courts (Departments 91, 92, 93, 97, and 98) | Case No.: <br><br> FIFTH AMENDED GENERAL ORDER RE PERSONAL INJURY COURT ("PI Court") PROCEDURES (Effective as of September 28, 2015) |

**DEPARTMENT:**   91   92   93   97   98

**FINAL STATUS CONFERENCE ("FSC"):**

- Date: _____ at 10:00 a.m.

**TRIAL:**

- Date: _____ at 8:30 a.m.

**OSC re DISMISSAL (Code Civ. Proc., § 583.210):**

- Date: _____ at 8:30 a.m.

TO EACH PARTY AND TO THE ATTORNEY OF RECORD FOR EACH PARTY:

Pursuant to the California Code of Civil Procedure ("C.C.P."), the California Rules of Court, and the Los Angeles County Court Rules ("Local Rules"), the Los Angeles Superior Court ("LASC" or "Court") HEREBY AMENDS AND SUPERSEDES ITS January 26, 2015 AMENDED GENERAL ORDER AND

1

GENERALLY ORDERS AS FOLLOWS IN THIS AND ALL OTHER GENERAL JURISDICTION PERSONAL INJURY ACTIONS:

Effective March 18, 2013, the Court responded to systemic budget reductions by centralizing the management of more than 18,000 general jurisdiction personal injury cases in the Stanley Mosk Courthouse. LASC opened three Personal Injury Courts ("PI Courts") (Departments 91, 92 and 93), and on January 6, 2014, a fourth (Department 97) to adjudicate all pretrial matters for these cases. It also established a Master Calendar Court (Department One), to manage the assignment of trials to dedicated Trial Courts located countywide. Prior Amended General Orders laid out the basic procedures for the PI Courts' management of pretrial matters. The parties will find additional information about the PI Courts on the court's website, *www.lacourt.org*.

1.    To ensure proper assignment to a PI Court, Plaintiff(s) must carefully fill out the Civil Case Cover Sheet Addendum (form LACIV 109). The Court defines "personal injury" as:

> "an unlimited civil case described on the Civil Case Cover Sheet Addendum and Statement of Location (LACIV 109) as Motor Vehicle-Personal Injury/Property Damage/Wrongful Death; Personal Injury/Property Damage/Wrongful Death-Uninsured Motorist; Product Liability (other than asbestos or toxic/environmental); Medical Malpractice-Physicians & Surgeons; Other Professional Health Care Malpractice; Premises Liability; Intentional Bodily Injury/Property Damage/Wrongful Death; or Other Personal Injury/Property Damage/Wrongful Death. An action for intentional infliction of emotional distress, defamation, civil rights/discrimination, or malpractice (other than medical malpractice), is not included in this definition. An action for injury to real property is not included in this definition." Local Rule 2.3(a)(1)(A).

2

The Court will assign a case to the PI Courts if plaintiff(s) check any of the following boxes in the Civil Case Cover Sheet Addendum:

- ☐ A7100 Motor Vehicle – Personal Injury/Property Damage/Wrongful Death
- ☐ A7110 Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist
- ☐ A7260 Product Liability (not asbestos or toxic/environmental)
- ☐ A7210 Medical Malpractice – Physicians & Surgeons
- ☐ A7240 Medical Malpractice – Other Professional Health Care Malpractice
- ☐ A7250 Premises Liability (e.g., slip and fall)
- ☐ A7230 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism etc.)
- ☐ A7220 Other Personal Injury/Property Damage/Wrongful Death

The Court will not assign cases to the PI Courts if plaintiff(s) check any boxes elsewhere in the Civil Case Cover Sheet Addendum (any boxes on pages two and three of that form).

2.    The Court sets the above dates in this action in the PI Court circled above (Department 91, 92, 93, 97, or 98) at the Stanley Mosk Courthouse, 111 North Hill Street, Los Angeles, CA 90012.  Cal. Rules of Court, Rules 3.714(b)(3), 3.729.

SERVICE OF SUMMONS AND COMPLAINT

3.    Plaintiff(s) shall serve the summons and complaint in this action upon defendant(s) as soon as possible but no later than three years  from the date when the complaint is filed. C. C. P. § 583.210, subd. (a).  On the OSC re Dismissal date noted above, the PI Court will

9/16/15

dismiss the action and/or all unserved parties unless the plaintiff(s) show cause why the action or the unserved parties should not be dismissed. C.C.P. §§ 583.250; 581, subd. (b)(4).

4.    The Court sets the above trial and FSC dates on condition that plaintiff(s) effectuate service on defendant(s) of the summons and complaint within six months of filing the complaint.

5.    The PI Court will dismiss the case without prejudice pursuant to C.C.P. § 581 when no party appears for trial.

**STIPULATIONS TO CONTINUE TRIAL**

6.    Provided that all parties agree (and there is no violation of the "five-year rule," C.C.P. § 583.310), the parties may advance or continue any trial date in the PI Courts without showing good cause or articulating any reason or justification for the change. To continue or advance a trial date, the parties (or their counsel of record) should jointly execute and file (in Room 102 of the Stanley Mosk Courthouse; fee required) a Stipulation to Continue Trial, FSC and Related Motion/Discovery Dates (form available on the court's website, Personal Injury Court link). The PI Courts schedule FSCs for 10:00 a.m., eight (8) court days before the trial date. Parties seeking to continue the trial and FSC dates shall file the Stipulation at least eight court days before the FSC date. Parties seeking to advance the trial and FSC dates shall file the Stipulation at least eight court days before the proposed advanced FSC date. Code Civ. Proc., § 595.2;  Govt. Code § 70617, subd. (c)(2). In selecting a new trial date, parties should avoid setting on any Monday, or the Tuesday following a court holiday.

**NO CASE MANAGEMENT CONFERENCES**

7.    The PI Courts do not conduct Case Management Conferences. The parties need not file a Case Management Statement.

9/16/15

**LAW AND MOTION**

**ANY DOCUMENTS WITH DECLARATIONS AND/OR EXHIBITS MUST BE TABBED. CRC §3.1110(f)**

**ALL DEPOSITION EXCERPTS REFERENCED IN BRIEFS MUST BE MARKED ON THE TRANSCRIPTS ATTACHED AS EXHIBITS. CRC §3.1116(c)**

*If your filing is not tabbed or depositions are not marked, do not file without the tabs or marked depositions unless today is the last day for filing. If so, you must file a tabbed/marked copy with the clerk in the department where your motion will be heard within 2 court days.*

**Chambers Copies Required**

8.      In addition to filing original motion papers in Room 102 of the Stanley Mosk Courthouse, the parties must deliver, directly to the PI Court courtrooms, an extra copy (marked "Chambers Copy") of reply briefs and all other motion papers filed less than seven (7) court days before a hearing calendared in the PI Courts. The PI Courts also strongly encourage the parties filing and opposing lengthy motions, such as motions for summary judgment/adjudication, to submit one or more three-ring binders organizing the Chambers Copies behind tabs.

**Reservation of Hearing Date**

9.      Parties are directed to reserve hearing dates for motions in the PI Courts using the Court Reservation System (CRS) available online at *www.lacourt.org* (link on homepage). After reserving a motion hearing date, the reservation requestor must submit the papers for filing with the reservation receipt number printed on the face page of the document under the caption and attach the reservation receipt as the last page. Parties or counsel who are unable

9/16/15

to utlize the online CRS may reserve a motion hearing date by calling the PI Court courtroom, Monday through Friday, between 3:00 p.m. and 4:00 p.m.

**Withdrawal of Motion**

10.    California Rules of Court, Rule 3.1304(b) requires a moving party to notify the court immediately if a matter will not be heard on the scheduled date. In keeping with that rule, the PI Courts urge parties who amend pleadings in response to demurrers to file amended pleadings before the date when opposition to the demurrer is due so that the PI Courts do not needlessly prepare tentative rulings on demurrers.

**Discovery Motions**

11.    The purpose of an Informal Discovery Conference ("IDC") is to assist the parties to resolve and/or narrow the scope of discovery disputes.  Lead trial counsel on each side, or another attorney with full authority to make binding agreements, must attend in person.  The PI judges have found that, in nearly every case, the parties amicably resolve disputes with the assistance of the Court.

12.    Parties **must** participate in an IDC **before** a Motion to Compel Further Responses to Discovery will be heard, unless, the moving party submits evidence, by way of declaration, that the opposing party has failed or refused to participate in an IDC.  Scheduling or participating in an IDC does not extend any deadlines imposed by the Code of Civil Procedure for noticing and filing discovery motions.  Ideally, the parties should participate in an IDC before a motion is filed because the IDC may avoid the necessity of a motion or reduce its scope.  Because of that possibility, attorneys are encouraged to stipulate to extend the 45 (or 60) day deadline for filing a motion to compel further discovery responses in order to allow time to participate in an IDC.  If parties do not stipulate to extend the deadlines, the

9/16/15

moving party may file the motion to avoid it being deemed untimely. However, the IDC must take place before the motion is heard so it is suggested that the moving party reserve a date for the motion hearing that is at least 60 days after the date when the IDC reservation is made. Motions to Compel Further Discovery Responses are heard at 10:00 a.m. If the IDC is not productive, the moving party may advance the hearing on a Motion to Compel Further Discovery Responses on any available hearing date that complies with the notice requirements of the Code of Civil Procedure.

13.    Parties are directed to reserve IDC dates in the PI Courts using CRS available online at www.lacourt.org (link on homepage). Parties are to meet and confer regarding the available dates in CRS prior to accessing the system. After reserving the IDC date, the reservation requestor must file in the appropriate department and serve an Informal Discovery Conference Form for Personal Injury Courts, from LACIV 239 (revised 12/14 or later), at least 15 court days prior to the conference and attach the CRS reservation receipt as the last page. The opposing party may file and serve a responsive IDC Form, briefly setting forth that party's response, at least 10 court days prior to the IDC.

14.    Time permitting; the PI Hub judges may be available to participate in IDCs to try to resolve other types of discovery disputes.

**Ex Parte Applications**

15.    Under the California Rules of Court, courts may only grant *ex parte* relief upon a showing, by admissible evidence, that the moving party will suffer "irreparable harm," "immediate danger," or where the moving party identifies "a statutory basis for granting relief ex parte." Cal. Rules of Court, Rule 3.1202(c). The PI Courts have no capacity to hear multiple *ex parte* applications or to shorten time to add hearings to their fully booked motion

9/16/15

calendars.  The PI Courts do not regard the Court's unavailability for timely motion hearings as an "immediate danger" or threat of "irreparable harm" justifying *ex parte* relief.  Instead of seeking *ex parte* relief, counsel should reserve the earliest available motion hearing date, and stipulate with all parties to continue the trial to a date thereafter using the Stipulation to Continue Trial, FSC and Related Motion/Discovery Dates (form available on the court's website, PI Court Tab).  Counsel should also check the Court Reservation System from time to time because earlier hearing dates may become available as cases settle or counsel otherwise take hearings off calendar.

**REQUEST FOR TRANSFER TO INDEPENDENT CALENDAR DEPARTMENT**

16.     Parties seeking to transfer a case from a PI Court to an Independent Calendar ("I/C") Court shall file (in Room 102 of the Stanley Mosk Courthouse) and serve the Court's "Motion to Transfer Complicated Personal Injury Case to Independent Calendar Court" (form available on the Court's website, PI Courts link).   The PI Courts will transfer a matter to an I/C Court if the case is not a "Personal Injury" case as defined in the General Order re General Jurisdiction PI Cases, or if it is "complicated."  In determining whether a personal injury case is "complicated" the PI Courts will consider, among other things, the number of pretrial hearings or the complexity of issues presented.

17.     Parties opposing a motion to transfer have five court days to file (in Room 102) an Opposition (using the same Motion to Transfer form).

18.     The PI Courts will not conduct a hearing on any Motion to Transfer to I/C Court. Although the parties may stipulate to transfer a case to an Independent Calendar Department, the PI Courts will make an independent determination whether to transfer the case or not.

**GENERAL ORDER – FINAL STATUS CONFERENCE**

8

19.    Parties shall comply with the requirements of the PI Courts' "Amended General Order – Final Status Conference," which shall be served with the summons and complaint.

**JURY FEES**

20.    Parties must pay jury fees no later than 365 calendar days after the filing of the initial complaint. (Code Civ. Proc., § 631, subds. (b) and (c).)

**JURY TRIALS**

21.    The PI Courts do not conduct jury trials.  On the trial date, a PI Court will transfer the case to the Master Calendar Court in Department One in the Stanley Mosk Courthouse. Department One assigns cases out for trial to dedicated Trial Courts.

**SANCTIONS**

21.    The Court has discretion to impose sanctions for any violation of this general order. (C.C.P. §§ 128.7, 187 and Gov. Code, § 68608, subd. (b).)

Dated: SEPTEMBER 18, 2015

Kevin C. Brazile
Supervising Judge, Civil
Los Angeles Superior Court

9

9/16/15

FILED
LOS ANGELES SUPERIOR COURT

JAN 2 6 2015

SHERRI R. CARTER, EXECUTIVE OFFICER/ CLERK

BY C. CASAREZ, DEPUTY

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES - CENTRAL DISTRICT

| | |
|---|---|
| In re Personal Injury Cases Assigned to the Personal Injury Courts (Departments 91, 92, 93, and 97), | Case No.: _____ )<br><br>THIRD AMENDED GENERAL ORDER - FINAL STATUS CONFERENCE, PERSONAL INJURY ("PI") COURTS (Effective as of January 26, 2015) |

The dates for Trial and Final Status Conference ("FSC") having been set in this matter, the Court HEREBY AMENDS AND SUPERSEDES ITS April 4, 2014 AMENDED GENERAL ORDER – FINAL STATUS CONFERENCE AND GENERALLY ORDERS AS FOLLOWS IN THIS AND ALL OTHER GENERAL JURISDICTION PERSONAL INJURY ACTIONS:

1. **PURPOSE OF THE FSC**

The purpose of the FSC is to verify that the parties/counsel are completely ready to proceed with trial continuously and efficiently, from day to day, until verdict. The PI Courts will verify at the FSC that all parties/counsel have (1) prepared the Exhibit binders and Trial Document binders and (2) met and conferred in an effort to stipulate to ultimate facts, legal issues, motions *in limine*, and the authentication and admissibility of exhibits.

1/26/15

## 2. TRIAL DOCUMENTS TO BE FILED

At least five calendar days prior to the Final Status Conference, the parties/counsel shall serve and file (in Room 102 of the Stanley Mosk Courthouse) the following Trial Readiness Documents:

### A.    TRIAL BRIEFS (OPTIONAL)

Each party/counsel may file, but is not required to file, a trial brief succinctly identifying:

(1) the claims and defenses subject to litigation;

(2) the major legal issues (with supporting points and authorities);

(3) the relief claimed and calculation of damages sought; and

(4) any other information that may assist the court at trial.

### B.    MOTIONS *IN LIMINE*

Before filing motions *in limine*, the parties/counsel shall comply with the statutory notice provisions of Code of Civil Procedure ("C.C.P.") Section 1005 and the requirements of Los Angeles County Court Rule ("Local Rule") 3.57(a). The caption of each motion *in limine* shall concisely identify the evidence that the moving party seeks to preclude. Parties filing more than one motion *in limine* shall number them consecutively. Parties filing opposition and reply papers shall identify the corresponding motion number in the caption of their papers.

### C.    JOINT STATEMENT TO BE READ TO THE JURY

For jury trials, the parties/counsel shall work together to prepare and file a joint written statement of the case for the court to read to the jury. Local Rule 3.25(i)(4).

1/26/15

### D.    JOINT WITNESS LIST

The parties/counsel shall work together to prepare and file a joint list of all witnesses that each party intends to call (excluding impeachment and rebuttal witnesses). Local Rule 3.25(i)(5). The joint witness list shall identify each witness by name, specify which witnesses are experts, and estimate the length of the direct, cross examination re-direct examination (if any) of each witness. The parties/counsel shall identify and all potential witness scheduling issues and special requirements. Any party/counsel who seeks to elicit testimony from a witness not identified on the witness list must first make a showing of good cause.

### E.    LIST OF PROPOSED JURY INSTRUCTIONS (JOINT AND CONTESTED)

The parties/counsel shall jointly prepare and file a list of proposed jury instructions, organized in numerical order, specifying the instructions upon which all sides agree and the contested instructions, if any. The Joint List of Jury Instructions must include a space by each instruction for the judge to indicate whether the instruction was given.

### F.    JURY INSTRUCTIONS (JOINT AND CONTESTED)

The parties/counsel shall prepare a complete set of full-text proposed jury instructions, editing all proposed California Civil Jury Instructions for Judges and Attorneys ("CACI") instructions to insert party names and eliminate blanks and irrelevant material. The parties shall prepare special instructions in a format ready for submission to the jury with the instruction number, title and text only (i.e., there should be no boxes or other indication on the printed instruction itself as to the requesting party.)

### G.    JOINT VERDICT FORM(S)

The parties/counsel shall prepare and jointly file a proposed general verdict form or special verdict form (with interrogatories) acceptable to all sides. If the parties/counsel cannot agree on a joint verdict form, each party must separately file a proposed verdict form. Local Rule 3.25(i)(7) and (8).

### H.    JOINT EXHIBIT LIST

The parties/counsel shall prepare and file a joint exhibit list organized with columns identifying each exhibit and specifying each party's evidentiary objections, if any, to admission of each exhibit. To comply with Local Rules 3.52(i)(5) and 3.53, the parties shall meet and confer in an effort to resolve objections to the admissibility of each exhibit.

### 3. EVIDENTIARY EXHIBITS

The parties/counsel shall jointly prepare (and be ready to temporarily lodge for inspection at the FSC), three sets of tabbed, internally paginated and properly-marked exhibits, organized numerically in three-ring binders (a set for the Court, the Judicial Assistant and the witnesses). The parties/counsel shall mark all non-documentary exhibits and insert a simple written description of the exhibit behind the corresponding numerical tab in the exhibit binder.

### 4. TRIAL BINDERS REQUIRED IN THE PI COURTS

The parties/counsel shall jointly prepare (and be ready to temporarily lodge for inspection at the FSC) the Trial Documents, tabbed and organized into three-ring binders as follows:

Tab A: Trial Briefs

Tab B: Motions *in limine*

Tab C: Joint Statement to Be Read to the Jury

Tab D: Joint Witness List

1/26/15

Tab E:  Joint List of Jury Instructions (identifying the agreed upon and contested instructions)

Tab F:  Joint and Contested Jury Instructions

Tab G: Joint and/or Contested Verdict Forms

The parties shall organize motions *in limine* (tabbed in numerical order) behind tab B with the opposition papers and reply papers for each motion placed directly behind the moving papers. The parties shall organize proposed jury instructions behind tab F, with the agreed upon instructions first in order followed by the contested instructions (including special instructions) submitted by each side.

**5.  FAILURE TO COMPLY WITH FSC OBLIGATIONS**

The court has discretion to require any party/counsel who fails or refuses to comply with this General Order to Show Cause why the court should not impose monetary, evidentiary and/or issue sanctions (including the entry of a default or the striking of an answer).

Dated this 26th day of January, 2015

Kevin C. Brazile
Supervising Judge, Civil
Los Angeles Superior Court

1/26/15